By the Couet.—Feeedman, J.
The action is for the recovery of damages for malicious prosecution. The charge made by the defendant against the plaintiff was grand larceny.
At the trial both parties gave evidence, and the issues were submitted to the jury under instructions which, if the case was one for the jury, carefully guarded every right the defendant had. There was no error in the charge or in the refusals to charge otherwise. The defendant insists, however, that either the complaint should have been dismissed or that a verdict should have been directed in his favor. The exceptions taken call for the consideration and determination of these points.
In an action for malicious prosecution the plaintiff must establish (1) the want of probable cause for the complaint made, and (2) malice in the defendant. Upon both propositions he holds the affirmative. The question of probable . cause does not depend upon whether, in fact, the offence charged was committed or not, nor whether the accused was guilty or innocent, but upon the question whether the prosecutor had reasonable grounds for believing that he had a right to prefer the charge which he made. For the same reason the mere fact that the prosecution terminated in favor of the accused, is not of itself evidence that probable cause did not *41 exist. So, malice is not necessarily inferrible from want of probable canse. Unless the circumstances showing want of probable cause justify also the inference of malice, the plaintiff must establish malice by additional evidence.
The evidence shows that when the plaintiff rested, he had made out a prima facie case under these rules. It, therefore, remains to be seen whether the-evidence given by and on behalf of the defendant called for the direction of a verdict in defendant’s favor.
The defendant claimed that he had no personal knowledge of the matters which constituted the foundation of the charge ; that he relied upon information derived from the foreman of his factory ; that such information was to the effect that, on plaintiff’s discharge from defendant’s employ, certain small pieces of machinery upon which, with others, the plaintiff had been at work, were discovered in plaintiff’s trunk ; that he, the defendant, had laid the facts before a police magistrate, who concluded that they constituted grand larceny ; and that it was this conclusion reached by the police magistrate, and not malice, which led the defendant to make the affidavit upon which the prosecution proceeded.
But it also appeared that there was an explanation concerning the articles discovered in plaintiffs trunk which the defendant could have readily had and which he made no effort to get; that in view of the relations between the parties and the character of plaintiff’s employment and the nature of the work he had been doing, the defendant should have hesitated to charge larceny; that no larceny had been committed; that to defendant’s personal knowledge plaintiff’s trunk had not been removed from defendant’s premises at the time of the alleged discovery; that the defendant had submitted to the police *42 magistrate the incriminating circumstances without disclosing the extenuating circumstances; that the application to the police magistrate had not been made at or about the time of the discovery, but five days thereafter; and that in the meantime the plaintiff, through lawyers retained for that purpose, had demanded from the defendant the settlement of a certain claim with-notice that, if not paid, suit would be brought.
Upon these and other circumstances, not necessary to be specifically mentioned, the case was one for the jury, and the direction of a verdict in favor of the defendant would have been erroneous.
The judgment and order appealed from should be affirmed with costs.
Sedgwick, Ch. J., and O’Gorman, J., concurred.